```
_____FILED _____ENTERED
_____LODGED_____RECEIVED
              JAN 29 2010   DJ
                AT SEATTLE
        CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
                          DEPUTY
```

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DWIGHT G. SHAW, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

CELLCO PARTNERSHIP, a Delaware General Partnership d/b/a Verizon Wireless; VERIZON COMMUNICATIONS, INC., a Delaware corporation; VODAFONE GROUP PLC, a public limited company incorporated in England; OPENMARKET, INC., a Michigan corporation; SNACKABLE MEDIA, LLC (formerly Nextweb Media, LLC), a Nevada limited liability company; and PREDICTO MOBILE, LLC, a Delaware limited liability company,

Defendants.

NO. **CV10 184**RSL

**CLASS ACTION**

**COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, DAMAGES AND RESCISION**

**JURY DEMAND**



**10-CV-00184-CMP**

## I.   INTRODUCTION

1.1.   Plaintiff Dwight Shaw brings this class action complaint against Cellco Partnership (and each of its general partners) d/b/a Verizon Wireless (collectively "Verizon"), OpenMarket, Inc. ("OpenMarket"),   Snackable Media, LLC ("Snackable"), and Predicto Mobile, LLC ("Predicto") to stop Defendants' unlawful practice of (1) "cramming"

unauthorized charges onto wireless telephone bills; (2) utilizing billing practices that lack reasonable safeguards to prevent unauthorized charges; (3) failing to warn wireless telephone subscribers of the risk of unauthorized charges being made with their wireless telephone number; (4) utilizing billing practices that prevent or hinder consumers from detecting and challenging unauthorized charges; and (5) failing to fully credit consumers who challenge unauthorized charges as error.

1.2.    For his class action complaint, Plaintiff alleges the following based on personal knowledge as to himself and his own acts and experiences, and, as to all other matters, based on information and belief, including the investigation conducted by his attorneys.

## II.    PARTIES

2.1.    Plaintiff Dwight G. Shaw is a resident of Seattle, Washington. Defendant Verizon, billed and collected charges from Shaw for Defendant Predicto's product that Plaintiff did not authorize.

2.2.    Defendant Cellco Partnership d/b/a/ Verizon Wireless ("Verizon") is a Delaware general partnership with its principal offices in New Jersey.  Verizon conducts business in King County and throughout Washington State.  Verizon wrongfully billed Plaintiff for unauthorized Predicto charges, hid the source of the charge from Plaintiff and refused to refund him the full amount he paid on the charge when requested to do so.

2.3.    Defendant Verizon Communications, Inc., is a Delaware corporation headquartered in New York and a general partner of Cellco Partnership.

2.4.    Defendant Vodafone Group PLC, is an English public limited company located in England, and a general partner of Cellco Partnership.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 2
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

2.5.   Defendant OpenMarket Inc., ("OpenMarket") is a Michigan corporation headquartered in Seattle, Washington. OpenMarket is an aggregator for the mobile content industry. OpenMarket aggregates all of Snackable Media, LLC and Predicto Mobile, LLC's billings and passes them on to wireless carriers, including the unauthorized charge Verizon imposed on Plaintiff.

2.6.   Defendant Snackable Media, LLC ("Snackable") is a Nevada limited liability company with its principal place of business in New York. Snackable conducts business in King County and throughout Washington State. Snackable is the parent and alter ego of Predicto and several other affiliates and "subsidiaries" that direct market mobile content. It holds itself out as the offeror of the Predicto product. Snackable operated under the name NextWeb Media, LLC ("NextWeb") until November 2009. All allegations against, and references to, Snackable in this Complaint are intended to and do include NextWeb as well.

2.7.   Defendant Predicto Mobile, LLC ("Predicto") is a Delaware limited liability company headquartered in New Jersey. Predicto is one of the largest mobile content providers in the U.S. It conducts business in King County and throughout Washington State. Predicto is the seller of mobile content Plaintiff did not order or want, but for which Plaintiff was twice billed on his monthly invoice from Verizon.

## III.   JURISDICTION AND VENUE

3.1.   Jurisdiction in this Court is proper pursuant to, 28 U.S.C. §1331, 28 U.S.C. §1332(a), the Class Action Fairness Act codified at 28 U.S.C. §1332(d), and 28 U.S.C. §1367.

3.2.   Venue is proper in the Western District of Washington because Plaintiff resides in King County and the conduct complained of occurred here in King County.

## IV.   STATEMENT OF THE CASE

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 3
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**A.  Verizon Uses Negative Opt-Out Sales Practices That Set Consumers Up to Be Billed for Unauthorized Charges**

4.1.   Verizon is a wireless telephone carrier.

4.2.   Verizon's relationship with its customers is oppressive – defined by a uniform customer service agreement the terms of which Verizon dictates to consumers.

4.3.   Wireless telephones and services are coupled, *i.e.,* wireless telephones require that only a specified carrier, *e.g.,* Verizon, can provide the wireless services for its use.

4.4.   Verizon's standardized, company-wide practice ensures all its customers' wireless phones and calling plans initially include the ability to send and receive text messages (and be charged accordingly) whether the customer wants those services or not.

4.5.   Through the customer service agreement, customers also agree (but may not realize so) that Verizon can place charges on their wireless telephone bills from third-parties that direct market "mobile content" -- products that are delivered to wireless telephones as "premium text messages."

4.6.   In essence, Verizon unilaterally turns a consumer's ten digit wireless telephone number into a charge card.

4.7.   When Verizon imposes text messaging capability on it customers (rather than having them affirmatively opt-in to such service) it knows, but fails to reasonably warn its customers, that text messaging capability dramatically increases the chances they will incur unauthorized charges on their wireless telephone bills, whether by error or by fraud.

4.8.   Verizon has the capability to sell phones and calling plans that do not allow text messaging (standard or premium) by placing blocks on a given account's text messaging ability. But Verizon's uniform plan documents and instructions to customer service representatives make it difficult for customers to know that.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 4
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

4.9.   Typically consumers only find out they can block text messaging after they complain about charges for unwanted standard or premium text messages.

4.10.   The problem of unauthorized charges has become increasingly burdensome and costly to Verizon customers.

4.11.   One aspect of the problem is the practice of "cramming," – a process where third-party mobile content providers (with the help of Verizon and others) cause consumers to be billed for purchases they never authorized.

**B.     The Mobile Content Industry**

4.12.   Mobile content providers develop and direct market (mostly through web sites), products that are delivered to purchasers' wireless telephones through a special type of text message known as a "premium text message." They also communicate with purchasers through standard text messaging.

4.13.   Mobile content products range from new ringtones, reports on sports scores, weather alerts and horoscopes to subscription-based products for periodic reports or social networking.

4.14.   The charge for most products is relatively modest (*e.g.*, $9.99 or $19.99 per month for a subscription to a given entertainment or information service).  Consumers also incur standard text messaging charges from their carrier if the mobile content provider sends them initial and ongoing text messages (*e.g.*, Verizon charges Plaintiff $0.20 per message).

4.15.   Mobile content providers work with companies called aggregators to integrate the providers' billings with the vast mobile communications networks maintained by the handful of wireless carriers operating in the United States.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 5
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

4.16.   Aggregators developed the technology platforms that allow for delivery and billing of mobile content to compatible mobile devices. They contract with mobile content providers on one end and with wireless carriers on the other.

4.17.   The mobile content provider tells the aggregator what wireless telephone number to bill and for how much.   The aggregator passes the information on to the carrier which collects the money on behalf of the mobile content provider.

4.18.   The aggregator and carrier make money by taking a percentage of each transaction billed and collected.   The more transactions – the more money they make.

4.19.   Through this end-to-end network, aggregators transformed wireless telephones into a virtual shopping mall while ensuring a very profitable role for themselves in the rapidly growing mobile content industry.

4.20.   This is a large and rapidly growing industry.   The mobile content trade association (which includes all participants in the chain) boasts over 700 company-members from over 40 countries. Verizon reports that in 2007, in Florida, alone, it billed its customers' $12.8 million on behalf of mobile content providers.

4.21.   The problem for Plaintiff and proposed class members, who willingly or unwillingly participate in mobile content purchases, is industry participants, including defendants, persist in maintaining a billing and collection system that first facilitates widespread fraud and vendor-favorable error, and then fails to identify for the consumer what the consumer has been charged for and by whom, obstructing customers from disputing the charges.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 6
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL 206.682.5600 • FAX 206.682.2992

**C.    Defendants Perpetuate a Billing and Collection System That Facilitates, Rather than Protects Against, Mistaken and Fraudulent Billing**

4.22.    Throughout the class period and today, all a mobile content provider needs to initiate billing through an aggregator and a wireless carrier is the consumer's ten-digit wireless telephone number.

4.23.    The entire billing system lacks any checks or safeguards to prevent erroneous and unauthorized charges from being added to class members' wireless telephone bills.  No proof of authorization, such as a signature or a "credit code" akin to a credit card number, is required by participants in the process.

4.24.    The likelihood of false charges increases enormously due to this absence of reasonable safeguards.  But the problem is further exacerbated because many mobile content providers, like Snackable in particular, frequently effectuate their "sales" through unfair and deceptive means such as web sites using misleading or inadequately explained "consent" procedures.  Other reported schemes include bogus sweepstakes entries and quizzes where consumers provide their wireless telephone numbers to receive results and unknowingly "consent" to an ongoing subscription to a service they do not want. These sweepstakes and quizzes often have nothing to do with the product being offered.

4.25.    Because the charges are often small relative to the consumer's total wireless telephone bill, they often go undetected.

4.26.    The aggregators and carriers add to the unfairness and deception because they provide the consumer only cryptic descriptions of premium text message charges such that consumers cannot identify the source of the charge.  As such, even unauthorized charges that are detected often go unchallenged because they masquerade as legitimate charges.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, DAMAGES AND RESCISION  - 7
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

4.27.   Sometimes Mobile content providers and carriers credit customers if and when they complain.  But they do not credit all complaining consumers nor do they necessarily cough up the credit on a consumer's first try.

4.28.   Further, when customers do call their carries to dispute a charge they quickly become discouraged and frustrated by a time consuming and frequently unsatisfying dispute resolution process that, by design, discourages them from attempting to repeatedly dispute the relatively small amounts taken from them through these illegal, unfair and deceptive billing practices.

4.29.   Through this "bill first and maybe credit later" scheme, each participant in the process knowingly retains money wrongfully collected on thousands of unauthorized charges that go undetected, unchallenged or that they refuse to credit back to their customer.

4.30.   Regulators are well aware of the problem.   In 2001 the Federal Trade Commission prosecuted one of the nation's largest aggregators, Enhanced Services Billing, Inc., for cramming unauthorized charges onto landline telephone bills. Verizon's telephone company counterpart settled cramming charges with the New York and Florida Attorney Generals in 2005 and 2007, respectively. In June 2009, Defendant Verizon settled with the Florida Attorney General for the very conduct at issue here, cramming unauthorized charges for mobile content onto its customers' wireless telephone bills.

4.31.   Despite these actions by state governments and the FTC, Defendants tenaciously maintain their unfair and deceptive billing scheme with the hope and expectation they can continue to retain money that was illegally billed and collected, with no consequences.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 8
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**D.      Snackable and Predicto's Unfair and Deceptive Conduct**

4.32.    Snackable markets it mobile content through a variety of subsidiaries and affiliates one of which is Predicto.  On information and belief, these subsidiaries, including Predicto, are alter ego corporations owned, operated and controlled by Snackable.

4.33.    Predicto is Snackable's flagship product.  It is reported to be the largest mobile community with over 2 million users.  Users text in their predictions on pop culture events to qualify for chances to win prizes.

4.34.    Snackable is widely reported to use unfair and deceptive schemes to obtain consumers' wireless telephone numbers and bill them for subscriptions to Predicto.com and other mobile content.

4.35.    A study conducted by Florida's Attorney General found only 5% of charges for one of Snackable's affiliates, Email Discounts Network, LLC, were actually authorized by a consumer.

4.36.    In addition, consumer internet sites contain numerous complaints about charges for unwanted and unauthorized subscriptions to Predicto.com and other products sold by Snackable.

4.37.    One typical example reads:

"I just got billed $9.99 on my phone when I thought I was taking a simple personality test online . . . I kept getting prompted to answer this or that . . . in order to get my test score – I never got the #@%& test score – just 4 annoying texts on my phone . . . Predicto.com – WHAT A SCAM!!!!!! This is THEFT."

**E.      OpenMarket's Unfair and Deceptive Conduct**

4.38.    OpenMarket aggregates the mobile content billings of Snackable and other mobile content providers for placement on wireless carriers' customer invoices.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, DAMAGES AND RESCISION  - 9
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ♦ FAX  206.682.2992

4.39.   It does not require the mobile content providers it serves to provide reasonable proof the customer actually authorized the charge before passing on the billing information to Verizon even though it is well aware that many of the charges are unauthorized.

4.40.   On information and belief OpenMarket provides inadequate descriptions of the charges it passes through to Verizon for inclusion on Plaintiff's and class members' wireless telephone bills.  In particular, the descriptions do not clearly identify the source of the charge, what the charge was for or how to contact the mobile content provider assessing the charge.

**F.    Verizon's Additional Unfair and Deceptive Conduct**

4.41.   As described above, Verizon sets it customers up for unauthorized billings by the systematic way it structures and sells its calling plans; by failing to disclose adequately the risks associated with its telephones, calling plans and third-party billing practices; and by failing to require aggregators and mobile content providers to provide proof of authorization before placing charges on its customers' invoices.

4.42.   Verizon also fails to disclose adequately and timely, the availability of blocking mechanisms for unwanted premium or standard text messaging and fails to reliably implement blocking when customers request it.

4.43.   In addition, Verizon systematically fails to inform customers the original source of third-party premium-text-messages.  As a matter of policy, Verizon does not provide on the invoice the full name or contact information of the charging party or an intelligible description of what was allegedly purchased.

4.44.   Even when customers call and ask, Verizon customer service representatives feign ignorance about the source of the charges.

4.45.   Verizon could easily institute effective measures to fix the problem.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 10
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

4.46.   For example, to ensure the charged party authorized a given charge, Verizon could assign a unique "access code" or "PIN" to each of its customers when they sign up for a calling plan (if the customer wants to allow third-party billing in the first place), and then only accept charges from aggregators and mobile content providers that can show the access code or PIN was entered when the sale was made.

4.47.   Unlike their wireless telephone number, a PIN number is something consumers would understand needs to be protected and not carelessly disclosed to unknown parties.

4.48.   Instead Verizon and the other defendants continue to do their part to maintain an inherently unfair and deceptive third-party billing system that first facilitates unauthorized charges and then systematically prevents consumers from detecting and obtaining credits for those charges.

4.49.   In sum, for years Defendants have been systematically, repeatedly and without authorization, billing consumers for products and services they did not agree to buy and profiting significantly from the practice.

4.50.   In light of each defendants' knowledge of the high rate of unauthorized charges, their continued failure to verify that charges are authorized and provide consumers adequate information and procedures to dispute such charges can only be viewed as a deliberate and willful scheme to cheat large numbers of consumers out of what, in total is a very large sum of money - a little bit at a time.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 11
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX  206.682.2992

G.     **The Facts Relating to Named Plaintiff**

4.51.   Plaintiff Dwight Shaw and his wife Michele like the convenience of a wireless telephone for making calls but have no interest in sending or receiving text messages.

4.52.   In January 2005, Plaintiff purchased a wireless telephone and entered into a customer service agreement with Verizon for wireless telephone service.

4.53.   Under Plaintiff's calling plan he paid a set amount for a certain number of minutes.  He did not investigate or purchase a text-messaging plan so, by default, the terms of his agreement provided he would be billed a specified sum for each text message sent or received.

4.54.   Periodically Plaintiff's wireless telephone bill contained small charges for unwanted standard text messages.

4.55.   In November 2009, Plaintiff's wireless telephone bill included two unauthorized charges for "Premium TXT Messaging" as well as charges for more unwanted standard text messages.

4.56.   Plaintiff paid for the charge, in part because his bill is automatically paid from his bank account.

4.57.   Based on the information provided in the bill, Plaintiff could not tell who, other than Verizon, was responsible for the premium text charge or what it was for.

4.58.   Plaintiff spent time and gas money going to the Verizon store to inquire about and dispute the unauthorized charges.

4.59.   The Verizon customer service representatives said they could not tell him the source of the charge or what the premium text charges were for.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

4.60.   Verizon credited Plaintiff for the standard text messages but for only one of the two unauthorized, premium text message charges.  Verizon told Plaintiff they would block all further text messages.

4.61.   In December 2009 Plaintiff received more unwanted standard text messages.

4.62.   Plaintiff again traveled to the Verizon store to complain.  Verizon credited him for the text messages received in December and the customer representative again stated Verizon would block text messaging from his account.

4.63.   Neither Plaintiff nor his wife, who also uses the telephone, have ever heard of Predicto.com and they never subscribed to any of its games.  No one else uses their wireless telephone.

4.64.   They have no idea how Predicto obtained their wireless telephone number.

4.65.   At no time did Plaintiff authorize the purchase of any products or services through his wireless telephone nor did he consent to anyone sending text messages to his wireless telephone.

4.66.   At no time did Plaintiff knowingly authorize Defendants or anyone else to bill him for these charges.

## V.  CLASS ACTION ALLEGATIONS

5.1.   Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5.2.   Plaintiff reserves the right to refine and modify the definition of the proposed classes he seeks to represent in response to appropriate discovery.  At this time, he seeks to represent two classes, each having one subclass (the "OpenMarket Subclasses" or "Subclasses"), defined as follows:

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 13
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

A.     The "Verizon Nationwide Class:" a nationwide class consisting of all current and former Verizon wireless telephone subscribers who, from November 4, 2005 through resolution of this action, were billed for and paid unauthorized charges for mobile content marketed and sold by third-parties (including but not limited to Snackable and Predicto); provided, however, that the following are excluded from this proposed Class: (i) the Defendants; (ii) any employee of a Defendant; and (iii) the judge presiding over this action and any member of his or her immediate family.

B.     The "Verizon Washington Class:" a class consisting of all current and former Verizon wireless telephone subscribers who resided in Washington while subscribing to Verizon and who, from November 4, 2005 through resolution of this action, were billed for and paid unauthorized charges for mobile content marketed and sold by third-parties (including but not limited to Snackable and Predicto); provided, however, that the following are excluded from this proposed Class: (i) the Defendants; (ii) any employee of a Defendant; and (iii) the judge presiding over this action and any member of his or her immediate family.

C.     The "OpenMarket Subclass:" a subclass defined as all members of the Verizon Washington Class whose mobile content charges were processed by OpenMarket.

D.     The "Snackable Class:" a class consisting of all Washington residents who, from November 4, 2005 through resolution of this action, were billed through their wireless carrier for mobile content marketed and sold by Snackable or any of its affiliates, including without limitation, Defendant Predicto, and who paid for but did not authorize the charge.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 14
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

E.     The "Snackable Verizon Subclass:" a subclass defined as all members of the Snackable Class whose were subscribers to Verizon's wireless telephone service and whose unauthorized charges were billed and paid for through Verizon.

5.3.     Collectively, both Classes and subclasses are referred to as the "Classes."

5.4.     While the exact number of members in the Classes is unknown and can only be determined through discovery, membership in the Classes is ascertainable through billing records maintained by Defendants. At this time, Plaintiff is informed and believes that each of the Classes consist of at least hundreds if not thousands of Washington consumers. As such the Classes are sufficiently numerous that joinder of all Class members in a single action is impracticable.

5.5.     The claims of Plaintiff are typical of the claims of all of the other members of the Classes as required by Rule 23(a)(3) in that, each member of the Classes was billed through their wireless telephone bill by one or more of the Defendants for mobile content charges they did not authorize.

5.6.     Plaintiff will fairly and adequately represent and protect the interests of other members of the Classes as required by Rule 23(a)(4).  Plaintiff has no interests which are adverse to the interest of the members of the Classes.  Plaintiff is committed to vigorously prosecuting this action on behalf of the other members of the Classes and to that end has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.

5.7.     The factual and legal basis of Defendants' liability to Plaintiff and members of the Classes are the same. Plaintiff and members of the Classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 15
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

5.8.    Common questions of law and fact exist as to the claims of all members of the Classes as required by Rule 23(a)(2), and predominate over any individual questions.

5.9.    The primary common question for the Verizon Nationwide Class is whether Verizon's uniform billing practices described herein constitute a violation of the Federal Communications Act,  47 U.S.C § 201 and 47 CFR § 64.240.

5.10.   Common questions for the Verizon Washington Class include, but are not limited to, the following:

5.10.1. Whether Verizon's conduct described herein constitutes a breach of its uniform service contracts with Plaintiff and Verizon Washington Class members;

5.10.2. Whether Verizon's conduct described herein is an unfair or deceptive practice in violation of Washington's Consumer Protection Act ("CPA"), RCW 19. 86 *et seq.*

5.10.3. Whether Plaintiff and Verizon Washington Class members are entitled to rescind their service agreements with Verizon.

5.10.4. Whether Verizon has been unjustly enriched pursuant to its conduct described herein such that equity and good conscience require that any retained money of Plaintiff and Verizon Washington Class members be returned.

5.11.   Common questions for the OpenMarket Subclass include, but are not limited to the following:

5.11.1. Whether OpenMarket's conduct described herein constitutes an unfair or deceptive practice in violation of Washington's Consumer Protection Act ("CPA"), RCW 19. 86 *et seq.*

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 16
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

5.11.2. Whether OpenMarket has been unjustly enriched pursuant to its conduct described herein such that equity and good conscience require that any retained money of Plaintiff and Subclass members be returned.

5.11.3. Whether OpenMarket, by virtue of the conduct complained of herein, tortuously interfered with Plaintiff's and the OpenMarket Subclass members' reasonable business expectancies of their ongoing business relationship with Verizon, by causing Verizon to bill them for products and services that were incomplete and unauthorized in breach of their contracts.

5.12.   Common questions for the Snackable Class include, but are not limited to:

5.12.1. Whether Snackable has been unjustly enriched pursuant to its conduct described herein such that equity and good conscience require that any retained money of Plaintiff and Snackable Subclass members be returned;

5.12.2. Whether the conduct of Snackable complained of herein constitutes an unfair or deceptive practice under Washington's CPA.

5.13.   The primary common question for the Snackable Verizon Subclass is whether Snackable tortuously interfered with Plaintiff's and Snackable Verizon Subclass members' reasonable business expectancies of their ongoing business relationship with Verizon, by causing Verizon to bill them for products and services that were unauthorized in breach of their contracts.

5.14.   This action is suitable for certification under either Rule 23(b)(1)(2) or (3).

5.15.   A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Rule 23(b)(3) because (i) the expense and burden of individual litigation make it economically unfeasible for members of the Classes

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ♦ FAX  206.682.2992

to seek redress other than through the procedure of a class action;  (ii) were separate actions to be brought individually by each member of the Classes, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; (iii) the prosecution of separate individual actions would create a risk of inconsistent adjudications of similar factual issues; and (iv) absent a class action, each defendant would likely retain the benefit of its wrongdoing, and there would be a failure of justice.

5.16.   In the alternative, this action is certifiable under the provisions of Rules 23(b)(1) and/or 23(b)(2) because (i) the prosecution of separate actions by individual Class or subclass members would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendants;  (ii) the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and (iii) Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes, and necessitating that any such relief be extended to the members of the Classes on a mandatory, class-wide basis.

5.17.   Plaintiffs are aware of no difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

5.18.   The names and addresses of the members of the Classes are available from Defendants' records. Notice can be provided to the members of the Classes via first class mail

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 18
4989/001/231690.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

1    or otherwise using techniques and a form of notice similar to those customarily used in class

2    actions arising under state and federal law.

3
## VI. FIRST CAUSE OF ACTION
4    **(Unjust Enrichment Against All Defendants on Behalf of Plaintiff and the Verizon Washington Class, the OpenMarket Subclass and the Snackable Class)**
5

6        6.1.    Reincorporation:  Plaintiff repeats and incorporates by reference each and every

7    previous allegation in this Complaint as though fully set forth herein.

8        6.2.    Benefit Conferred:  Plaintiffs and all members of the above identified classes

9    conferred a benefit on each Defendant because each Defendant received and retained money

10   belonging to Plaintiff and members of the Classes when they paid unauthorized charges that

11
     appeared on their wireless telephone bills.
12

13       6.3.    Defendants' Awareness:   Each Defendant knowingly accepted and retained

14   such benefit.

15       6.4.    Equity Requires Return:  Under principles of equity and good conscience, none

16   of the Defendants should be permitted to retain the money belonging to Plaintiff and the

17   members of the Classes.

18       6.5.    As such, Plaintiff and members of the classes are entitled to recover from
19
     Defendants all monies they paid for unauthorized mobile content charges in an amount to be
20
21   determined at trial.

22
## VII. SECOND CAUSE OF ACTION
23   **(Violation of Washington Consumer Protection Act, RCW 19.86, *et seq.* Against All Defendants on Behalf of Plaintiff and the Verizon Washington Class, the OpenMarket**
24   **Subclass and the Snackable Class)**

25       7.1.    Reincorporation:  Plaintiff incorporates by reference all the foregoing
26
     allegations as though fully stated herein.
27

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 19
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

7.2.   <u>Unfair or Deceptive Conduct:</u>  Each Defendant engaged in unfair or deceptive acts or practices in violation of the CPA.

7.3.   <u>Verizon</u> engaged in unfair or deceptive acts or practices when it (i) marketed and sold text messaging as part of its wireless telephone service on a negative opt-out basis; (ii) failed to adequately disclose to Plaintiff and Verizon Class members the risks of unauthorized billing associated with its calling plans; (iii) failed to adequately inform Plaintiff and Verizon Washington Class members the mechanisms by which they could block standard and premium text messaging; (iv) failed to require mobile content providers to take reasonable and adequate steps to ensure alleged charges were authorized;  (v) failed to provide Plaintiff and Verizon Washington Class members clear and unambiguous descriptions of the source of, and product purchased through premium text messaging charges that appear on their bills; (vi) failed to provide Plaintiff and Verizon Washington Class members a reasonable way to dispute charges for mobile content; and (vii) failed to provide full refunds for mobile content charges Plaintiff and Verizon Washington Class members represented were unauthorized.

7.4.   <u>OpenMarket</u> engaged in unfair and deceptive practices when it failed to require mobile content providers to take reasonable and adequate steps to ensure all alleged billings were authorized by Plaintiff and members of the OpenMarket Subclass; and failed to provide clear, complete and unambiguous descriptions of the source of, and product purchased through premium text message charges processed by OpenMarket.

7.5.   <u>Snackable and Predicto,</u> on information and belief, used unfair and deceptive practices to obtain Plaintiff's and Snackable Class members' wireless telephone numbers and cause them to be billed for products and services they never authorized.  Snackable and Predicto also, and alternatively, engaged in unfair and deceptive practices when they each (i)

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, DAMAGES AND RESCISION  - 20
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL  206.682.5600 • FAX  206.682.2992

1  caused Plaintiff and Snackable Class members to be billed for the services and products they

2  sell without taking reasonable steps to ensure Plaintiff and Snackable Class Members

3  authorized the charge; and (ii) failed to immediately make full refunds to Plaintiff and

4  Snackable Class members who stated the charges they paid were unauthorized.

5      7.6.   Conduct in Trade or Business/Public Interest:   Each Defendants' unfair or

6  deceptive acts or practices repeatedly occurred in the defendant's trade or business, and were

7  capable of deceiving a substantial portion of the public contrary to the public interest.

8

9      7.7.   Per se Violation:  Each Defendants' conduct violated Washington's Unsolicited

10  Goods Statute, RCW §19.56.020, and as such constitutes a *per se* unfair or deceptive practice

11  that is contrary to the public interest.

12      7.8.   Causation and Injury:  As a direct and proximate cause of Defendants' unfair or

13  deceptive acts or practices described herein, Plaintiff and members of the above identified

14  classes have suffered actual damages, in that Plaintiff and members of the classes have paid

15  unauthorized charges for mobile content or spent time and money investigating the source and

16

17  reason for inadequately described mobile content charges.

18      7.9.   Damages:  As a result of Defendants' unfair and deceptive practices, Plaintiff

19  and members of the Classes are entitled, pursuant to RCW 19.86.090, to recover treble

20  damages, reasonable attorneys' fees, and costs for all Defendants.

21      7.10.  Injunctive Relief:  Plaintiffs and members of the Classes are also entitled to

22  injunctive relief proscribing Defendants' wrongful conduct and prescribing future safeguards

23  in their billing practices.

24

25

26

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

7.11.   Rescission:  In addition, and in the alternative, as a result of Verizon's unfair and deceptive practices, Plaintiff and members of the Verizon Class are entitled to rescind their contracts with Verizon.

## VIII.  THIRD CAUSE OF ACTION
**(Declaratory Relief Under The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Against All Defendants on Behalf of Plaintiff and the Verizon Nationwide Class, the OpenMarket Subclass and the Snackable Class)**

8.1.   Reincorporation:  Plaintiff incorporates by reference all the foregoing allegations as though fully stated herein.

8.2.   Actual Controversy:  An actual controversy has arisen and now exists between each Defendant and Plaintiff and members of the above identified classes concerning their respective rights and duties in that Plaintiffs and members of the classes contend that each Defendant is engaging in, and continues to engage in, the improper practice of imposing charges on their wireless telephone bills without taking adequate steps to ensure the charges are authorized, lawful and proper and Defendants believe their conduct is lawful and proper.

8.3.   Necessary and Appropriate:  A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that the parties to this action and members of the proposed classes may ascertain their respective rights and duties with respect to Defendants' practices as alleged herein.

## IX.  FOURTH CAUSE OF ACTION
**(Breach of Contract Against Verizon on Behalf of Plaintiff and the Verizon Washington Class)**

9.1.   Reincorporation:  Plaintiff incorporates by reference the foregoing allegations as though fully stated herein.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF, DAMAGES AND RESCISION  - 22
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

9.2.   <u>Existence of Contract:</u>  Plaintiff and members of the Verizon Washington Class entered into substantially identical customer service agreements with Verizon whereby Verizon agreed to provide certain services and Plaintiff and Verizon Washington Class members agreed to pay for those services on specified terms.

9.3.   <u>Terms:</u>  Verizon expressly or impliedly agreed to bill Plaintiff and the Verizon Washington Class only charges, including those from third-parties, that Plaintiff and class members had authorized.

9.4.   <u>Terms:</u>   Verizon further expressly or impliedly agreed to carry out its obligations in good faith and fair dealing which include, but are not limited to, providing Plaintiff and Verizon Washington Class members, free of charge, sufficiently information in their bills such that Plaintiff and Verizon Washington Class members can verify or dispute the charges.

9.5.   <u>Breach:</u>  Verizon breached its contractual obligations by including on Plaintiff and Verizon Washington Class members' monthly billing statements, unauthorized charges for mobile content and by failing to provide adequate descriptions of the source of, and item purchased through mobile content charges.

9.6.   <u>Breach:</u>  Verizon further breached its contractual obligations, including its contractual obligation of good faith and fair dealing, by failing to refund amounts Plaintiff and Verizon Washington Class members' paid in reliance on the accuracy of Verizon's billing.

9.7.   <u>Causation and Damages:</u>   Verizon's aforementioned breaches of contract proximately caused Plaintiff and members of the Verizon Class economic injury and other damages.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

9.8.   Remedy:   As a result, Plaintiff and Verizon Washington Class members are entitled to recover damages in an amount to be determined at trial or, in the alternative, to rescind their contracts with Verizon.

## X.   FIFTH CAUSE OF ACTION
### (Violation of the Federal Communications Act, 47 U.S.C. § 201 Against Verizon on Behalf of Plaintiff and the Verizon Nationwide Class)

10.1.   Reincorporation:   Plaintiff incorporates by reference all the foregoing allegations as though fully stated herein.

10.2.   Defendant is a Carrier:   Defendant Verizon is a common carrier engaged in interstate communication by wire for the purpose of furnishing communication services within the meaning of § 201(a) of the FCA.

10.3.   Statutory Violation:   Verizon's practice of imposing unauthorized charges on Verizon Class members' wireless telephone bills constitutes an unjust and unreasonable charge and practice in connection with communication services and, therefore, violates § 201(b) of the FCA.

10.4.   Statutory Violation:   In addition Verizon's practice of failing to clearly and conspicuously identify the source and product associated with third-party charges is a violation of 47 CFR sec 64.2401 and, therefore, also violates § 201(b) of the FCA.

10.5.   Causation and Damages:   As a direct and proximate result of Verizon's violation of § 201(b) of the FCA, Plaintiff and each member of the Verizon Nationwide Class have been injured and suffered actual damages in an amount to be determined at trial.

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 24
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## XI. SIXTH CAUSE OF ACTION
### (Tortuous Interference With a Business Expectancy Against OpenMarket, Snackable and Predicto on Behalf of the Snackable Verizon Subclass and OpenMarket Subclass)

11.1.   Reincorporation:   Plaintiff incorporates by reference all the foregoing allegations as though fully stated herein.

11.2.   Business Expectancy:   Plaintiff and members of the Snackable Verizon and OpenMarket Subclasses entered into uniform customer service agreements with Verizon each of which require, expressly or impliedly, that Verizon bill them only for charges, including those from third-parties, that Plaintiff and members of the Snackable Verizon and OpenMarket Subclasses authorized.

11.3.   Defendants' Knowledge:   Defendants OpenMarket, Snackable and Predicto were aware of the contractual agreements between Plaintiff and members of the Snackable Verizon and OpenMarket Subclasses and Verizon.

11.4.   Interference:   OpenMarket, Snackable and Predicto induced or caused Verizon to breach its contracts with Plaintiff and members of the Snackable Verizon and OpenMarket Subclasses, and otherwise interfered with their contractual relationship, by knowingly or recklessly causing Verizon to repeatedly bill for charges OpenMarket, Snackable and Predicto knew or should have known were unauthorized.

11.5.   Causation and Injury:   As a direct result of OpenMarket, Snackable and Predicto's conduct, Plaintiff and members of the Snackable Verizon and OpenMarket Subclasses suffered losses in an amount to be determined at trial.

## XII.   REQUEST FOR RELIEF

Plaintiff Dwight G. Shaw, on behalf of himself and the Classes, prays for the following relief:

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX. 206.682.2992

12.1.   Certify this case as a class action on behalf of the Classes defined above and appoint Plaintiff Dwight Shaw Class Representative, and Tousley Brain Stephens, PLLC as Class counsel;

12.2.   Declare that Defendants are financially responsible for notifying all members of the Classes about this litigation;

12.3.   Declare that the conduct of Verizon set forth above constitutes unjust enrichment, a violation of the Federal Communications Act, 47 U.S.C. § 201, a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*, and a breach of its contracts with Plaintiff and members of the Verizon Class;

12.4.   Declare the conduct of OpenMarket, Snackable and Predicto described above constitutes unjust enrichment, a violation of the Washington Consumer Protection Act, RCW 19.86, *et.seq.*, and tortuous interference with Plaintiff and members of the Snackable Verizon and OpenMarket Subclasses' contracts with Verizon;

12.5.   Declare, in accordance with Plaintiff's Third Cause of Action, the respective rights and duties of the parties regarding billing for mobile content to protect Plaintiff and members of the Classes;

12.6.   Enjoin Defendants from billing Plaintiff and members of the Classes on their wireless telephone bills for mobile content for which there is no reliable and reproducible proof such charge was authorized Plaintiff and members of the Classes;

12.7.   Enter judgment for Plaintiff and members of the Classes for rescission, restitution, compensatory, statutory and exemplary damages and any other damages allowable by law;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX  206.682.2992

12.8.    Award Plaintiff and members of the Classes their attorneys' fees and all reasonable costs of this litigation;

12.9.    Award Plaintiff and members of the Classes pre- and post-judgment interest;

12.10.  Allow Plaintiff leave to amend these pleadings to conform to the evidence presented at trial; and

12.11.  Award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED this 29th day of January, 2010.

**TOUSLEY BRAIN STEPHENS PLLC**

By:_____

Christopher I. Brain, WSBA #5054
Nancy A. Pacharzina, WSBA #25946
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Tel: 206.682.5600
Fax: 206.682.2992

*Attorneys for Plaintiff*

COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF,
DAMAGES AND RESCISION  - 27
4989/001/231690.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992